T.C. Memo. 2015-242

UNITED STATES TAX COURT

JODY LEE RAIDA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1948-15L.                    Filed December 15, 2015.

Jody Lee Raida, pro se.

Diana P. Hinton, for respondent.

MEMORANDUM OPINION

THORNTON, Chief Judge:  Petitioner seeks review pursuant to sections

6320(c) and 6330(d)(1)[1] of the determination by the Internal Revenue Service

_____

[1]All section references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all dollar amounts to the nearest dollar.

[*2] (IRS or respondent) sustaining a proposed levy to collect section 6672 trust fund recovery penalties (TFRPs) assessed against her for failing to collect and pay over employment taxes of LuuLuu Com, Inc. (LuuLuu). Respondent has moved for summary judgment. For the reasons explained below, we will grant his motion.

Background

The following uncontroverted facts are derived from the petition, the exhibits attached to the summary judgment motion, and respondent's other filings in this case. Petitioner resided in New York when she petitioned this Court.

In 2002 respondent determined that petitioner was responsible for LuuLuu's failure to pay over to the United States payroll taxes withheld from its employees for the taxable quarters ending December 31, 2000, and March 31, 2001. Respondent mailed to her a Letter 1153, Trust Funds Recovery Penalty Letter, proposing to assess TFRPs against her for those periods. The penalties--$77,838 and $59,068, respectively--were assessed on June 30, 2003. In response to petitioner's request, the IRS Appeals Office held a hearing to consider her challenge to the penalties. The assessments were sustained.

Petitioner subsequently proposed an offer-in-compromise, which the IRS rejected in January 2006. From September 2007 to August 2012, petitioner's debt

**[*3]** was classified as currently not collectible. On February 14, 2013, in an effort to collect the assessed TFRPs, the IRS sent petitioner two Letters 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. In response, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, checking none of the collection alternative boxes and stating only that "I am not liable for the taxes".

On June 9, 2014, a settlement officer (SO) from the IRS Appeals Office mailed petitioner a letter acknowledging receipt of her Form 12153. The SO mailed her a second letter on July 1, 2014, scheduling a telephone collection due process (CDP) hearing for July 17, 2014. He informed petitioner that because the Appeals Office had previously reviewed and sustained her liability for the penalties, that issue would not be reconsidered. He informed petitioner that, to have a collection alternative considered, she had to provide, within 14 days, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and, within 21 days, a signed Form 1040, U.S. Individual Income Tax Return, for taxable year 2013.

On the date of the CDP hearing petitioner faxed to the SO a Form 433-A listing $14,167 monthly income, $94 of disposable income after expenses, and zero personal assets. Contrary to the instructions of Form 433-A, petitioner

[*4] attached no documentation to support her claimed expenses. The SO reviewed the Form 433-A and, after applying standard allowances for certain types of expenses, determined that petitioner had monthly disposable income of $4,494. He indicated, however, that he would be willing to consider additional expenses if by July 31, 2014, she could provide supporting documentation. He renewed his request for her 2013 Form 1040.

On August 5, 2014, respondent received petitioner's 2013 Form 1040. On September 4, 2014, petitioner sent an email to the SO, stating that she was "still in the process of documenting * * * [her] expenses and health care costs" and that it would be finalized within the next two weeks. She also requested consideration of a partial payment installment agreement.

Petitioner never submitted the requested supporting expense documentation or made a specific proposal for an installment agreement. The SO reviewed the administrative file, verified that the TFRPs had been properly assessed, and determined that all other requirements of applicable law and administrative procedure had been met. On December 16, 2014, respondent issued the Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, sustaining the proposed levy with respect to petitioner's unpaid TFRPs.

**[\*5]** Petitioner timely sought review in this Court, asserting in her petition that "[t]he settlement officer did not review documentation of necessary living expenses, specifically out-of-pocket medical expenses." On September 16, 2015, respondent moved for summary judgment. The Court ordered petitioner to file a response to this motion by October 21, 2015. Petitioner failed to respond. Although the Court could enter a decision against her for that reason alone, see Rule 121(d), we will nevertheless consider respondent's motion on its merits.

Discussion

A.     <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). If a moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

[*6] B.       Standard of Review

In an action such as this to review an IRS administrative determination under section 6330(d)(1), if the underlying tax liability is properly at issue, the Court reviews the IRS determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Otherwise, the Court reviews the IRS determination for abuse of discretion.  Id. at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of her underlying liability in a CDP proceeding only if she did not receive a notice of deficiency or otherwise have an opportunity to contest that liability.  In a case involving a disputed TFRP, a taxpayer who receives a Letter 1153 and challenges the underlying tax liability at an Appeals conference is precluded under section 6330(c)(2)(B) from challenging the underlying tax liability in a subsequent CDP hearing.  See Mason v. Commissioner, 132 T.C. 301, 317-318 (2009); see also sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

As we previously discussed, petitioner received a Letter 1153 and unsuccessfully challenged her underlying liability at her 2003 Appeals conference.  Petitioner's receipt of Letter 1153 and her subsequent Appeals conference consti-

**[*7]** tuted, for purposes of section 6330(c)(2)(B), a prior "opportunity to dispute" her liability for the TFRPs. See Bishay v. Commissioner, T.C. Memo. 2015-105, at *6. Consequently, she is not entitled in this proceeding to challenge her underlying liability once again. Accordingly, we review respondent's determination for abuse of discretion.

## C.    Analysis

In deciding whether the SO abused his discretion in sustaining the proposed levy action, we consider whether he: (1) properly verified that the requirements of any applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

Petitioner's primary contention is that the SO abused his discretion by "not review[ing her] documentation of necessary living expenses, specifically out-of-pocket medical expenses." The record shows, however, that petitioner failed to submit the requested financial information to support the monthly expenses claimed on her Form 433-A. Petitioner also made no specific proposal for a collection alternative. It is not an abuse of discretion for an SO to decline to consider

**[\*8]** a collection alternative where the taxpayer makes no specific proposal. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).

A settlement officer is not required to negotiate with a taxpayer indefinitely. See Kreit Mech. Assocs., Inc. v. Commissioner, 137 T.C. 123, 134 (2011). After giving petitioner 2-1/2 months more than she had requested to submit the promised documents, the SO closed the case. Under these circumstances, the SO did not abuse his discretion by closing the case without providing still more time or soliciting a formal offer from petitioner.

Petitioner raised no other issues at her CDP hearing; she is therefore not entitled to raise them now. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. In any event, she raised no other issues in her petition. Our review of the record reveals that the SO conducted a thorough review of petitioner's account, determined that the TFRPs were properly assessed, and verified that other requirements of applicable law and administrative procedure were followed. We conclude that, in sustaining the proposed collection action, the SO properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

**[*9]** Finding no abuse of discretion in any respect, we conclude that respondent is entitled to judgment as a matter of law, and we sustain his determination.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.